UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES WANJA ET AL                    CIVIL ACTION NO. 24-cv-1282

VERSUS                               JUDGE S. MAURICE HICKS, JR.

A I G PROPERTY CASUALTY CO ET AL     MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

AIG removed this car accident case based on an assertion of diversity jurisdiction. The notice of removal indicates that there is complete diversity of citizenship, but there is a question as to whether AIG has satisfied its burden with respect to the amount in controversy.  AIG will be allowed until **October 11, 2024** to file an amended notice of removal and attempt to set forth additional facts in support of its burden.  The court will assess the record after that date and determine whether to enter a preliminary finding of jurisdiction or recommend remand to state court.

The state court petition alleges that plaintiff James Wanja was operating a Kia Optima on I-20 when a Freightliner truck owned, operated, and insured by the defendants smashed into the driver's side of his car, causing "severe injury and damages" to James. The petition, in accordance with Louisiana law, does not seek a particular amount of damages.  It does allege that James sustained various categories of damages such as physical and mental pain and suffering, lost future earnings, and medical expenses, which are found in almost every personal injury petition filed in the city and state courts.  James' wife, Roseline, asserts a claim for loss of consortium.

The notice of removal contends that the two plaintiffs *collectively* appear to seek more than $75,000 in damages, but the claims of plaintiffs ordinarily may not be aggregated to meet the amount in controversy. If one plaintiff satisfies the amount in controversy, the court may exercise supplemental jurisdiction over a smaller consortium claim. Roe v. Lowery, 2024 WL 851038, *4 (W.D. La. 2024); Daigle v. Borden Chemical, Inc., 2003 WL 22671726, *3 (E.D. La. 2003).

Paragraph 8 of the petition alleges that the damages in the matter exceed $50,000, which was relevant to the right to a jury trial in state court. The allegations does not state whether this amount is collective or whether any individual plaintiff asserts a claim for more than $75,000, so this is of little help.

AIG's notice of removal notes that the petition does not take advantage of the ability under La. C.C.P. art. 893 to allege in the petition that the amount of damages is insufficient to establish jurisdiction in the federal court. Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. Davis v. LeBlanc, 2017 WL 4399275, *2 (W.D. La. 2017) (Hornsby, M.J.) (collecting cases).

AIG also points to the various categories of damages sought by Mr. Wanja. This court has noted that virtually every personal injury petition filed in state and city courts alleges, severe, disabling, or permanent injuries, even when only mild soft tissue injuries are at stake. The same is true with respect to the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. Nordman v. Kansas City

Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012).  A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018).  If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable. Id.

AIG cites to Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000), which found diversity jurisdiction in a case where the plaintiff alleged these standard categories of damages in their state court petition.  But the Gebbia petition also alleged that the plaintiff sustained injuries to her right wrist, left knee and patella, and upper and lower back.  In this case, the petition does not describe any injury to any body part beyond the generic allegation of a "severe" injury of some sort.  There is no indication of the type, duration, or expense of medical care required by Mr. Wanja.

Accordingly, AIG will be granted the opportunity to file an amended notice of removal and attempt to provide additional facts that are relevant to the amount in controversy.  Those facts might include any pre-suit settlement demands, which district courts throughout Louisiana have said can be "valuable evidence" in determining the amount in controversy.  Lowrie v. Wal-Mart, 2015 WL 9685508, *2 (W.D. La. 2015) (Hornsby, M.J.) (collecting cases).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of September, 2024.

Mark L. Hornsby
U.S. Magistrate Judge